UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

RICHARD SCHOONMAKER, SR.

                Plaintiff,

                                             **COMPLAINT**

   -against-                                       Case No. 1:17-CV-0605
                                                      (DNH/CFH)

LESLIE R. KLEIN, Individually and as Chief of the Village of Galway

Police Department, and THE VILLAGE OF GALWAY, NEW YORK

                Defendants.

_____

      Plaintiff Richard Schoonmaker, Sr., by and through his attorney Mark J. McCarthy, alleges:

## **Jurisdiction**

1. This action arises under the United States Constitution, specifically the Fourth and Fourteenth Amendments, and under Title 42 United States Code §§1983, 1985, and 1988.

2. This Court has jurisdiction pursuant to Title 28 United States Code §§1331, 1342(4) and 1343.

## **Parties**

3. Plaintiff Richard Schoonmaker, Sr. is an individual resident of the County of Rensselaer, State of New York.

4. At all times herein relevant Defendant Leslie R. Klein was the Chief of the Village of Galway Police Department.

5. At all times herein relevant Defendant Village of Galway, New York was and is a municipal corporation organized and existing under the laws of the State of New York, and is a political subdivision located in the County of Saratoga, New York.

6. Plaintiff was at all times relevant employed by Defendant Village as a police officer in the Village's Police Department.

7. Defendant Klein at all times relevant was empowered by Defendant Village to make all decisions concerning Plaintiff's employment, including matters of discipline and termination.

8. Defendants are sued in their official capacities as governmental representatives.

9. The actions of Defendants as set forth herein were all taken under color of state law.

10. The actions of Defendants deprived Plaintiff of his right to due process in the deprivation of his liberty interests under the Fourteenth Amendment to the Constitution and 42 USC Section 1983 and 1985.

11. The actions of Defendants herein were done intentionally and with reckless disregard for Plaintiffs constitutional rights.

12. The actions of Defendant Klein were also done maliciously and with intent to cause Plaintiff harm.

## STATEMENT OF FACTS

13. Plaintiff was employed by Defendant Village as a police officer commencing June 1, 2013.

14. Prior to being employed by Defendant Village Plaintiff had 30 years' experience in law enforcement, including over 25 years with the City of Troy Police Department, during which he received over 200 commendations and supervised approximately 30 officers.

15. The position of police officer with the Defendant Village is part-time and is an exempt and/or management position under Saratoga County and New York State Civil Service Law, and, as such, Plaintiff held his employment position as an at-will employee.

16. As an at-will employee, Plaintiff could be discharged by Defendants with or without reason.

17. During 2014 Plaintiff was promoted to the position of Captain with the Galway Police Department, in recognition of his experience, training, and knowledge of proper police procedures and rules.

18. Following his promotion Plaintiff became aware of a number of illegal and/or improper practices being engaged in by members of the Galway Police Department, including:

> --destruction of evidence being preserved for use related to open criminal investigations:
>
> --possession of automatic weapons by members of the police department in violation of state and Federal firearms laws;
>
> --police officers improperly accessing state criminal computer records;
>
> --Defendant Klein certifying that he had overseen training which he knew had not been completed, and requiring police officers under his command and control to submit certifications of training which had not been performed;
>
> --improper voiding of duly issued traffic tickets.

19. Plaintiff brought these practices to the attention of Defendant Klein, as was his    as a Police Officer for Defendant Village.

20. Rather than addressing the issues raised by Plaintiff, Defendant Klein demoted Plaintiff to patrolman.

    Plaintiff continued to raise his objections to Defendant Klein regarding illegal and improper practices of the Village Police Department, but observed no changes in behavior or action by Defendants to halt the practices.

21.  Due to the Defendants refusal to take steps necessary to protect the health and safety of residents if Defendant Village, and other members of the public in contact with representatives of the Defendant Village Police Department, Plaintiff took his observations and complaints to a representative of the Office of the Attorney General of the State of New York ("OAG").

22. Upon information and belief the OAG has initiated an investigation of the practices of the Defendants.

23. Upon information and belief representatives of the Defendants were made aware of the existence of the OAG investigation.

24. On March 2, 2016 Plaintiff's employment with Defendant Village was terminated, upon information and belied due to his complaint to the OAG.

25. Since the termination of his employment by Defendant Village Plaintiff has applied for full-time employment with 13 separate police departments, and for part-time employment with 6 other police departments, and has not been offered employment at any, despite his vast experience and uninterrupted record of successful work as a police officer.

26. There are no negative events in Plaintiff's work history prior to his experience with Defendants that would impair his employment.

27. Plaintiff believes he cannot obtain employment as a police officer due to the actions of Defendants, who have impaired his reputation as a police officer.

28. That Defendants actions and statements constituted stigma plus, denial of Plaintiffs liberty interest without due process, and caused Plaintiff substantial damages.

## AS AND FOR A FIRST CLAIM

29. Plaintiff incorporates each allegation herein above.

30. Defendants' aforesaid actions violated Plaintiff's Fourteenth Amendment rights by Defendants denying Plaintiff's liberty interest without due process.

31. Defendants made the aforesaid stigmatizing statements about Plaintiff and took publicly stigmatizing actions.

32. The aforesaid statements denigrated Plaintiff's competence as a law enforcement professional.

33. The aforesaid statements impugned Plaintiff's reputation in such a fashion as to effectively put a significant roadblock into Plaintiff's ability to engage in law enforcement.

34. The aforesaid stigmatizing statements and actions were made public.

35. The stigmatizing statements were made concurrently in time with Plaintiff's termination of employment.

36. That the statements caused Plaintiff harm.

## AS AND FOR A SECOND CLAIM

37. Plaintiff incorporates each allegation herein above.

38. Defendant Klein is the final policy maker on behalf of the Village about Plaintiff's employment at the Village.

39. Defendant Klein was acting in his official capacity when terminating Plaintiff's employment.

40. Defendant Klein was the final policy maker on behalf of the County about the release of information pertaining to the employment of Plaintiff.

41. Defendant Klein released has released denigrating information regarding Plaintiff in furtherance of his official duties.

42. The aforesaid actions of Defendants caused Plaintiff harm.

## **AS AND FOR A THIRD CLAIM**

43. Plaintiff incorporates each allegation herein above.

44. Plaintiff has previously duly served a Notice of Claim pursuant to New York State General Municipal Law on Defendant Village for the wrongful actions herein alleged.

45. More than thirty (30) days have passed since the service of the Notice of Claim and no adjustment or payment made.

46. Defendants' actions in terminating Plaintiff from employment due to his complaints of substantial and specific threats to public safety violated Plaintiff's rights and have caused him substantial harm.

WHEREFORE, Plaintiff demand judgment on the 42 USC Section 1983 and 1985 claims against Defendants in the amount of $860,000, emotional damages for public disparagement of his reputation in an amount to be determined by a jury, and for reinstatement as a police officer for the Village of Galway, New York together with legal fees pursuant to 42 USC Section 1988, and such other and further relief as the court deems just, proper and equitable.

Plaintiff hereby demands a jury trial with respect to both liability and damages.

/s/ Mark J. McCarthy_____
Mark J. McCarthy (102152)
Attorney for Plaintiff
PO Box 1396
90 State Street
Albany, NY 12201
518.527.9965
mark@mjmccarthylaw.com